UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LEVORY W. HICKMON,**

        **Plaintiff,**

-vs-                                      **Case No. 6:05-cv-1863-Orl-19DAB**

**NATALIE A. JACKSON, P.A.,**

        **Defendant.**

_____

# ORDER

This case comes before the Court on the following:

    1.    Motion For Permission To Appeal *In Forma Pauperis* and Affidavit of Plaintiff Levory Hickmon (Doc. No. 42, filed September 18, 2006);

    2.    Report And Recommendation of the Magistrate Judge (Doc. No. 43, filed September 22, 2006); and

    3.    Plaintiff's Response to Court's Report And Recommendation (Doc. No. 44, filed October 3, 2006).

Plaintiff Levory Hickman seeks leave to appeal this Court's Order of August 28, 2006 (Doc. No. 39), which dismissed this case for want of prosecution.[1] (*See* Doc. No. 42). Plaintiff's motion raises only one issue which merits discussion: whether the Court was required to grant him leave to file an amended complaint after the appellate court had issued its mandate. (*Id.* at 3). In short, the Court was not, and in any event, Plaintiff was

---

[1] This Order presumes the reader is familiar with the procedural history of this case as set forth in the August 28, 2006 Order. (*See* Doc. No. 39, pp. 1-2).

given notice three times prior to the Court's August 28, 2006 Order. (See Doc. Nos. 25, 26 & 29).

The authority of a court to dismiss a lawsuit for lack of prosecution is an inherent power, "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). In *Link*, the United States Supreme Court held "a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting." *Id.* at 633.

In this case, Plaintiff was given leave to file an amended complaint five times and given notice that failure to file such pleading would result in dismissal of the lawsuit. (Doc. Nos. 17, 21, 25, 26 & 29). The Magistrate Judge recommended that Plaintiff's motion be denied because he failed to follow previous Orders regarding payment of the filing fee and failed to file an amended complaint as required by the Orders of the Court. (*See* Doc. No. 43, p. 2). The Court agrees. Any appeal would be frivolous.

The Court **ADOPTS** the Report And Recommendation (Doc. No. 43) of the Magistrate Judge and **DENIES** the Motion For Permission To Appeal *In Forma Pauperis* and Affidavit (Doc. No. 42) of Plaintiff.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October  16  , 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party